IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 2:06-cr-237-WKW |
| ) | |
| LYDELL HARRIS ) | |
| ) | |
| a/k/a "Chance" ) | |

NOTICE OF CRIMINAL CONTEMPT
AND ORDER TO SHOW CAUSE

It is ORDERED that, pursuant to Rule 42 of the Federal Rules of Criminal Procedure, Defendant Lydell Harris shall show cause why he should not be found guilty of criminal contempt, based upon the following essential facts:

1. On October 11, 2006, defendant was indicted in a one count indictment in this district for unlawfully possessing a weapon in violation of 18 U.S.C. § 922(g)(1).

2. On November 3, 2006, defendant was released on an unsecured bond in an order signed by Magistrate Judge Boyd, on the condition, *inter alia*, that he "refrain from any use or unlawful possession of narcotic drug and other controlled substances . . . ." (Doc. # 13, at ¶ (7)(p).)

3. On April 12, 2007, defendant pleaded guilty before Magistrate Judge Walker.

4. On April 23, 2007, defendant tested presumptive positive for marijuana use which resulted in a non-compliance report. (Doc. # 27.) On the recommendation of the probation officer, no action was taken by the court.

5. Defendant was sentenced by the undersigned on July 17, 2007. During sentencing, and while under oath, defendant was asked by the court about his drug use. Defendant

testified, "Oh, yes. Yes, sir, I'm clean." (Sent'g Tr. 11:8-17.) At issue in the exchange over defendant's continued drug use was whether he would receive a two level reduction in his base offense level for acceptance of responsibility over the stated objection of the government. (*Id*. 10:16-13:12.) Upon due consideration of the defendant's testimony, the court granted the reduction for acceptance of responsibility. (*Id*. 14:4-7. ("THE COURT: I'm going to give him the acceptance of responsibility based on . . . what he said.").)

6.    The court granted the defendant a voluntary surrender date of August 30, 2007, over no objection of the government. (*Id*. 33:17-34:4.)

7.    Immediately after sentencing, defendant again tested presumptive positive for the presence of marijuana. Defendant subsequently admitted that he had used marijuana on July 12, 2007. (Rev. Hr'g 4:17-22.)

8.    At a hearing on July 23, 2007, held to consider revocation of the voluntary surrender condition, the defendant stated that he "lied in this courtroom" at sentencing. (*Id*. 8:24-25.)

Defendant's testimony that he "was clean" was false, under oath, in the court's presence, and material to the inquiry of the court and the matter under consideration. His testimony resulted in his receiving acceptance of responsibility from the court over the objection of the government. Defendant also admitted to two violations of his pre-trial release conditions, *i.e.,* unlawful drug use. These essential facts constitute the obstruction of the administration of justice and disobedience to lawful orders. 18 U.S.C. § 401(1) and (3).

Accordingly,

DEFENDANT IS HEREBY NOTIFIED that the trial of this matter will be held on **August 16, 2007, at 2 p.m .**, in Courtroom 2-E, Frank M. Johnson, Jr., U. S. Courthouse Complex,

One Church Street, Montgomery, Alabama.

DEFENDANT IS FURTHER NOTIFIED that, if he is convicted of criminal contempt, the court will not impose a sentence of imprisonment in excess of six months.

The UNITED STATES ATTORNEY is hereby REQUESTED to prosecute this contempt action pursuant to Rule 42(a)(2) of the Federal Rules of Criminal Procedure.

Upon notice of the financial affidavit of the defendant (Doc. # 5), the FEDERAL DEFENDER is APPOINTED as counsel for the defendant.

The Clerk of the Court is DIRECTED to open a new case for this matter, to docket this order in the above-referenced cases, and to serve a copy of this order on the defendant, the United States Attorney, and the Federal Defender.

So ORDERED.

DONE this 1st day of August, 2007.

/s/  W. Keith Watkins
UNITED STATES DISTRICT JUDGE